# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1658-19T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

Y.O.-E.,

     Defendant-Appellant,

and

R.E.,

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF JC.E.,
a minor.

_____

Argued November 18, 2020 – Decided December 16, 2020

Before Judges Whipple, Rose, and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FG-20-0013-19.

Clara S. Licata, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Clara S. Licata, on the briefs).

Jane C. Schuster, Assistant Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jane C. Schuster, of counsel; Julie B. Colonna, Deputy Attorney General, on the brief).

Louise M. Cho, Assistant Deputy Public Defender, argued the cause for minor (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Meredith Alexis Pollock, Deputy Public Defender, of counsel; Louise M. Cho, of counsel and on the brief).

PER CURIAM

Defendant Y.O.-E. (Yolanda) appeals from a December 16, 2019 judgment of guardianship terminating her parental rights to her biological child, JC.E. (Jonathan).[1]

On appeal, defendant argues the trial court erred in finding the Division of Child Protection and Permanency (Division) had met its burden by clear and convincing evidence for each Title-30 prong. Defendant asserts the Division

---

[1] For the sake of anonymity and ease of reference, we utilize the pseudonyms from defendant's brief to protect the parties and the child. See R. 1:38-3(d)(13).

neglected its duties to her while she herself was in Division custody. Additionally, defendant contends that the Division should have provided further support for her during her time trying to improve her situation so she could parent Jonathan.

Defendant raises the following issues on appeal:

> POINT I.
> NO DEFERENCE IS OWED TO TRIAL COURT LEGAL CONCLUSIONS OR FACT FINDINGS UNSUPPORTED BY EVIDENCE THAT IS SUBSTANTIAL AND CREDIBLE AND THAT IS ALSO CLEAR AND CONVINCING.
>
> POINT II.
> [DIVISION]'S FAILURE TO ASSIST [YOLANDA] IN BECOMING DOCUMENTED WHILE AN UNDOCUMENTED CHILD IN [DIVISION]'S CUSTODY IN THE 1990'S AND EARLY 2000'S, WHICH LED TO INSTABILITY IN HER MENTAL HEALTH TREATMENT, EMPLOYMENT, AND RESIDENCE, SHOULD BAR [DIVISION] AND A COURT FROM RELYING ON SUCH CIRCUMSTANCES TO TERMINATE HER PARENTAL RIGHTS TO [JONATHAN]. (Not Raised Below).
>
> POINT III.
> [DIVISION] DID NOT PROVE THAT [JONATHAN]'S SAFETY HAS BEEN OR WILL BE ENDANGERED BY CONTINUING THE PARENTAL RELATIONSHIP WHEN THERE WAS NO PROOF THAT [JONATHAN] HAS BEEN HARMED OR EXPOSED TO RISK OF HARM IN

3

THE THREE MONTHS HE WAS IN [YOLANDA]'S CARE.

POINT IV.
[DIVISION] DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT [YOLANDA] WAS UNABLE OR UNWILLING TO ELIMINATE THE ALLEGED RISK OF HARM TO [JONATHAN], OR THAT THE DELAY IN PERMANENT PLACEMENT WOULD ADD TO THE HARM WHEN [YOLANDA]'S EFFORTS TO WORK, AND TO ATTEND THERAPY, MEDICATION MANAGEMENT AND VISITATION WERE THWARTED BY TRANSPORTATION AND SCHEDULING CONFLICTS [DIVISION] REFUSED TO ADDRESS AND WHEN HER IMMIGRATION STATUS MADE IT DIFFICULT TO PAY FOR SERVICES.

POINT V.
[DIVISION] DID NOT PROVE THAT IT MADE REASONABLE EFFORTS TO PROVIDE SERVICES TO REMEDIATE THE CONDITIONS THAT LED TO [JONATHAN]'S REMOVAL FROM [YOLANDA]'S HOME WHEN IT FAILED TO ASSIST HER WITH THE FINANCIAL, TRANSPORTATION, AND SCHEDULING PROBLEMS THAT INTERFERED WITH CONSISTENT ATTENDANCE AT THERAPY.

POINT VI.
EXPERT OPINION THAT SEVERING [JONATHAN]'S BOND WITH HIS FOSTER PARENTS WOULD CAUSE SERIOUS PSYCHOLOGICAL AND EMOTIONAL HARM AND THAT HE HAS A NEED FOR PERMANENCY IS INSUFFICIENT WHEN [YOLANDA] HAS NEVER HAD THE ABILITY TO TIMELY COMPLY WITH

4

[DIVISION]'S REQUIREMENTS AND WHEN [DIVISION] AND THE COURT HAVE USED HER IMMIGRATION STATUS AGAINST HER.

Having carefully reviewed the record, we affirm primarily for the reasons expressed in the thorough written opinion of Judge Marc R. Brown issued with the judgment, wherein he found the Division had established by clear and convincing evidence all four prongs of the best-interests test, N.J.S.A. 30:4C-15.1(a), which, in the best interest of the child, permits termination of parental rights. In re Guardianship of K.H.O., 161 N.J. 337, 347-48 (1999).

Our review of the judge's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 411-13 (1998), and we are bound by his factual findings so long as they are supported by sufficient, credible, evidence, N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

Defendant came to this country at a young age as an undocumented immigrant, was abused by her extended and immediate family, and was ultimately placed in Division custody. Defendant suffers from severe mental illness and has struggled to maintain employment, housing and treatment. Defendant contends that because the Division failed to assist her in achieving

documented immigration status while she was in its custody, she has been continuously unable to secure housing, and she was recently held in an Immigration and Customs Enforcement (ICE) detention facility. Defendant asserts the Division's failure to seek documented status precluded her from using the "social safety net" to seek medical and financial assistance. Moreover, the Division's failure to seek documented status for her, resulting in her being in ICE custody, further removed her from Jonathan's life.

Our review of the record reveals a more complicated picture, which includes defendant's history of substance abuse, criminal behavior and domestically violent relationships and includes the fact that defendant no longer has custody of her five other children. After a thirteen-day guardianship trial was held with three expert witnesses, two Division employees, and defendant's immigration attorney, the court found defendant's mental health issues permeated her life to the point that she was not a fit parent. She was not compliant with therapy or pharmacological treatment. Defendant had not shown she could be self-sufficient, was prone to returning to abusive relationships, struggled to manage her mental health and sacrificed the opportunity to see Jonathan because of criminal activity, immigration detention and psychological episodes.

6

Focusing on the third and fourth prongs, the court found that the Division had made reasonable efforts to provide care, and Jonathan was in the best alternative placement possible — with resource parents who wanted to adopt him. Accordingly, the judge held that even though evidence was presented from both sides, Jonathan saw his resource parents as his psychological parents; he would not suffer harm from terminating defendant's rights to him, but rather, he would suffer harm from terminating his relationship with his resource parents. This appeal followed.

With leave granted to supplement the record, defendant has added for our consideration that she has been released from ICE detention, now has authorization to work, and can more readily access the help she needs through government assistance. She is also currently living in an apartment. This development certainly evidences a commendable change in circumstance, and defendant contends that such a shift militates against the trial court's foundation for terminating her rights. We disagree.

While the court understandably had to discuss, and consider, the issues that may arise from defendant being in ICE detention, unable to access employment, housing and medical assistance, we do not consider this change of circumstances determinative. The trial judge was careful to discuss defendant's

7

problematic conditions before detention and regardless of detention. As unfortunate and troubling as defendant's life experience has been, it is not in Jonathan's best interest to delay permanency while his mother's condition remains fluid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1658-19T2